IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA

MANATEE DIAGNOSTIC CENTER, LTD.,
a Florida Limited Partnership,

Case No. :

Plaintiff,

v.

G.E. HEALTHCARE TECHNOLOGIES,

Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, MANATEE DIAGNOSTIC CENTER, LTD, a Florida limited Partnership, (hereinafter "MDC") and sues G.E. HEALTHCARE TECHNOLOGIES, (hereinafter "G.E.") and as grounds therefore would show:

1. **The Nature of this Action.** This is an action for declaratory judgment pursuant to Chapter 86, Florida Statutes (2013).

2. **The Parties.**

    (a) Manatee Diagnostic Center, LTD., (MDC) is a Florida Limited Partnership. It has been in practice since 1988 and provides medical imaging services to residents of Manatee County, Florida. They are fully accredited by the American College of Radiology (ACR) and accredited by the Joint Commissions of Accreditation of Healthcare Organizations (JCAHO). On September 25, 2012, MDC entered into an Agreement to purchase a G.E. Goldseal Lightspeed 16 CT System for a total price of $315,989.80.

    (b) G.E. Capital Corporation (G.E.) is a Foreign Profit Corporation with its principle address in Princeton, NJ. G.E. agreed to provide MDC with the G.E. Goldseal Lightspeed 16 CT System. G.E. has been involved in two previous transactions with MDC in Manatee County, Florida.

3. **Jurisdiction of Venue.** This Complaint asserts a cause of action for a declaratory judgment concerning the warranty provisions associated with the purchase of the G.E. Goldseal

Lightspeed 16 CT System. Accordingly, pursuant to Chapter 34, Florida Statutes (2014), this Court has jurisdiction to hear this cause of action. Concerning venue, the G.E. Goldseal Lightspeed 16 CT System is the subject of this action and is located in Manatee County, Florida. Thus, venue properly lies in the Twelfth Judicial Circuit Court in and for Manatee County, Florida.

4. **Conditions precedent.** All conditions precedent to the commencement and maintenance of this action have been either satisfied, discharged or waived.

5. **Attorneys.** MDC has retained the firm of Barnes Walker Goethe Hoonhout & Perron, Chartered, to prosecute this matter on their behalf and is obligated to pay its attorneys a reasonable fee for services rendered.

6. **The Property.** MDC contracted with G.E. to purchase a G.E. Goldseal Lightspeed 16 CT System. This piece of equipment is used in performing computerized tomography scans which is a medical imaging process involving the use of multiple x-ray images to produce a three dimensional image of internal organs.

7. **The Warranty Issue.** The following is an outline of the allegations involved in the issue of whether or not a one (1) versus two (2) year warranty was bargained for and ultimately formed part of the Agreement:

(a) MDC and G.E. entered into a written agreement (the "Agreement") on September 25, 2012, whereby MDC executed a lease with G.E. Capital Corporation for a G.E. Goldseal Lightspeed 16 CT System. **(Agreement attached as Composite Exhibit "A").**

(b) An authorized agent of G.E. met with an authorized agent of MDC for the purpose of executing a quote form. **(Quote form attached as Composite Exhibit "B").**

(c) The intent of MDC was that the leased equipment would have a two (2) year warranty period.

(d) The authorized agent of MDC prepared Purchase Order #3939 containing the two (2) year warranty language and cross-referenced G.E. Quote P3-C153103V5. **(Purchase Order attached as Exhibit "C")**

(e) The Purchase Order was then provided to the G.E. authorized agent.

(f) Both parties then executed G.E's standard quote form.

(g) The G.E. authorized agent accepted the signed agreement along with MDC's Purchase Order.

(h) G.E. provided one (1) year of maintenance pursuant to the warranty, but began charging MDC for the second year of maintenance.

(i) MDC received a demand letter from G.E. in the amount of $120,946.49 Reflecting maintenance charges for the second year. **(Demand Letter attached as Exhibit "D")**

8. <u>**Plaintiff's position.**</u> MDC's position is that they bargained for a two (2) year warranty on the G.E. Goldseal Lightspeed 16 CT System and that the exchange of documents between G.E. and MDC is sufficient to establish that the two (2) year warranty was part of the bargain. MDC also claims that the exchange of documents is standard in the industry and has been replicated between MDC and G.E. in the past with no issues as to either the warranty or the product. The position MDC occupies is significantly lessened and the benefit of the bargain is lost, unless the Agreement is declared to contain the two (2) year warranty provision that MDC believed it bargained for with G.E. and received.

9. <u>**The Need for a Declaration.**</u> Currently, there exists a bona fide, actual, present and practical need for declaratory relief. The declaratory relief sought herein deals with present, ascertainable, and ascertained facts involving the present controversy over whether a two (2) year warranty was an essential component of the Agreement between G.E. and MDC. Moreover,

Page 3 of 4

E-Filed with MCCC - 2014CA006148AX- 11/26/2014 11:32 AM - PG 3 of 4

MDC's ability to salvage the benefit of this Agreement is dependent upon this matter. Accordingly, MDC has an actual, present, and practical need for relief. All adverse and antagonistic interests in the subject matter of this action are before this Court.

10. **Not Seeking Legal Advice.** The relief sought herein is not merely to gain legal advice from the Court or to seek answers to questions propounded from curiosity. Rather, this action is brought to have the Court declare that MDC bargained for, and memorialized pursuant to the Agreement, a two (2) year warranty on the G.E. Goldseal Lightspeed 16 CT System.

11. **Requested Relief.** Based upon the foregoing, it is requested that the Court enter judgment for declaratory relief in favor of MDC which:

   (a) Declares that the Agreement between MDC and G.E. contains a two (2) year warranty provision;

   (b) Declares that MDC is not indebted to G.E. for costs associated with the aforementioned charges arising from G.E.'s proclamation of the non-existence of said warranty.

   (c) Awards MDC such other relief the Court deems appropriate.

Respectfully submitted this 26th day of November, 2014.

_____
J. Kenneth McIntyre, Esq.
FBN. 0019134
Barnes Walker Goethe Hoonhout
& Perron, Chartered.
3119 Manatee Avenue West
Bradenton, FL 34205
Telephone: (941) 741-8224
Facsimile: (941) 741-8225
Primary: kmcintyre@barneswalker.com
Secondary: pleadings@barneswalker.com
*Counsel for MDC*